IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| STEVEN HARRIS,<br><br>Plaintiff,<br><br>v.<br><br>HURRICANE VALLEY FIRE SPECIAL SERVICE DISTRICT, JOSEPH DECKER, and KOHL FURLEY in their individual capacities,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT<br><br>Case No. 4:25-cv-00033-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

This matter is before the Court on Plaintiff's Motion for Leave to File Amended Complaint.[1] For the reasons discussed below, the Court will deny the Motion.

## I. BACKGROUND

Plaintiff filed this action on March 28, 2025. Plaintiff's claims arise out of his employment with Defendant Hurricane Valley Fire Specialty Service District (the "District"). Based on allegations that he was mistreated while employed, Plaintiff brought claims for violation of the Utah Whistleblower Act, breach of implied contract, wrongful termination, violation of Due Process, disability discrimination, and violation of the Family and Medical Leave Act ("FMLA"). As relevant here, part of Plaintiff's alleged whistleblowing included claims that he was retaliated against after he complained that the District had unlawfully removed emission reducing systems—Diesel Exhaust Fluid Systems ("DEFS")—from District

[1] Docket No. 31, filed August 27, 2026.

vehicles. In their Answer, Defendants admitting removing DEFS, but disagreed that doing so was unlawful.

In April 2026, the parties agreed to allow Plaintiff to amend his Complaint to include a claim for violation of the Americans with Disabilities Act. Plaintiff now seeks to amend his Complaint again to add claims under the federal Clean Air Act ("CAA") and the Utah State Implementation Plan ("SIP"). These claims relate to the removal of DEFS from District vehicles.

Plaintiff first gave notice that he planned to bring claims under the CAA and SIP in January 2026 by providing the notice (the "Notice") required to bring a citizen suit under the CAA.[2] No action may be brought until at least 60 days after the notice has been sent. The District responded to the January 2026 Notice in April 2026, disputing Plaintiff's claims that removal of DEFS was unlawful. Plaintiff replied on June 2, 2026, but did not seek amendment until August 27, 2026.

## II. DISCUSSION

The deadline to amend pleadings expired November 14, 2025.[3] "After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard."[4]

---

[2] 42 U.S.C. § 7604(b)(1)(A).

[3] Docket No. 20, at 3.

[4] *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014).

Thus, determining whether to allow amendment after the scheduling order deadline has passed involves a two-step inquiry.[5]

The court must first consider "whether the moving party has established 'good cause' within the meaning of Rule 16(b)(4) so as to justify allowing the untimely motion."[6] To establish good cause, the moving party must show that it could not have met the scheduling order deadline despite the movant's "diligent efforts."[7] "Rule 16(b)(4) is arguably more stringent than Rule 15,"[8] and district courts are afforded "wide discretion" in determining whether the movant has shown good cause.[9]

In support of his argument for good cause, Plaintiff contends that his counsel, who primarily practices employment law, "put considerable time and effort into researching the relevant statutory schemes and regulations."[10] Plaintiff further points to the need to provide notice under the CAA, ongoing discovery disputes, and settlement discussions between the parties. The Court finds that these reasons do not demonstrate good cause.

As for the need for counsel to become familiar with the CAA and provide the required statutory notice, the record is clear that this was accomplished by January 2026. Had Plaintiff moved to amend the scheduling order at that time, the result likely would have been different, yet

---

[5] *See Total Quality Sys., Inc. v. Universal Synaptics Corp.*, No. 1:22-cv-000167-RJS-DAO, 2025 WL 252791, at *2 (D. Utah Jan. 21, 2025).

[6] *Id*. (internal quotation marks and citation omitted).

[7] *Gorsuch*, 771 F.3d at 1240 (internal quotation marks and citation omitted).

[8] *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1019 (10th Cir. 2018) (internal quotation marks and citation omitted).

[9] *Perez v. Denver Fire Dep't*, 724 F. App'x 646, 650 (10th Cir. 2018).

[10] Docket No. 31, at 5.

he did not. Further, by April 2026, Plaintiff knew that the District disputed his assertions. By that time, the 60-day notice window had expired and Plaintiff could have sought an amendment of the scheduling order at that time. Instead, he waited an additional four months before bringing this Motion.

Plaintiff also contends that Defendants objected, and continued to object, to several of his discovery requests, and that the objection delayed his investigation into potential CAA and SIP claims. However, these discovery disputes similarly do not provide good cause because Plaintiff never brought them to the attention of the Court. If Plaintiff believed that Defendants' discovery responses were inadequate, his recourse was to alert the Court so the issue could be timely resolved.[11] Having failed to do so, he cannot use that failure to justify his dilatory request to amend.[12]

Finally, the parties' settlement negotiations do not provide good cause. Rather, it appears that Plaintiff made a tactical decision to delay seeking amendment in hopes of obtaining a settlement. While settlement is always encouraged, nothing prevented Plaintiff from seeking amendment while these discussions were ongoing.[13] Therefore, Plaintiff has failed to

---

[11] *See* DUCivR 37-1.

[12] *Allen v. Brown Advisory, LLC*, 41 F.4th 843, 853 (7th Cir. 2022) (finding no good cause where the plaintiff did not "explain how the discovery disputes frustrated his ability to move to amend earlier").

[13] *Bermudez v. AFR Env't Corp.*, No. 16-61363-CIV, 2017 WL 11220350, at *5 n.2 (S.D. Fla. Apr. 13, 2017) ("It is well settled that ongoing settlement discussions are insufficient to furnish good cause to modify the Court's Scheduling Order under Rule 16(b)(4)"); *see also Jasper Wood Prods., LLC v. Jordan Scrap Metal, Inc.*, No. 13-0407-WS-C, 2014 WL 3720530, at *5 n.12 (S.D. Ala. July 25, 2014) ("[D]elays attendant to settlement negotiations do not furnish good cause for modifying scheduling orders pursuant to Rule 16(b)(4)."); *Gerawan Farming, Inc. v. Rehrig Pac. Co.*, No. 1: 11-cv-01273-LJO-BAM, 2013 WL 645741, *5 (E.D. Cal. Feb. 21, 2013) ("[S]ettlement negotiations are not good cause to modify a Scheduling

demonstrate good cause to amend the scheduling order and his Motion can be denied on this ground alone. But even assuming Plaintiff could demonstrate good cause, his Motion still fails.

Under Rule 15, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[14] "The court should freely give leave when justice so requires."[15] "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"[16] Defendants argue that amendment should be denied because of undue delay and prejudice.

"It is well settled in [the Tenth Circuit] that untimeliness alone is a sufficient reason to deny leave to amend, . . . especially when the party filing the motion has no adequate explanation for the delay."[17] When a party seeking amendment "knew or should have known" of the facts

---

Order."); *Rybski v. Home Depot USA, Inc.*, No. CV-12-751-PHX-LOA, 2012 WL 5416586, at *2 (D. Ariz. Oct. 17, 2012) ("[D]istrict courts have concluded that settlement conferences or discussions do not constitute good cause to modify a scheduling order."); *Home Design Servs., Inc. v. Trumble*, No. 09-cv-00964-WYD-CBS, 2010 WL 1435382, at *10 (D. Colo. Apr. 9, 2010) (denying amendment of the scheduling order where plaintiff deferred discovery costs in anticipation of productive settlement conference, stating that "[w]hile I can appreciate the pragmatism underlying such a strategy, counsel's misplaced optimism does not equate to good cause under Rule 16(b)"); *United Stars Indus., Inc. v. Plastech Engineered Prods., Inc.*, No. 06-C-0349-C, 2007 WL 5462421, at *1 (W.D. Wis. Feb. 14, 2007) ("Plaintiff has not shown good cause for the late amendment, only that it preferred to engage in settlement negotiations and let the deadlines go by. Although this court encourages settlement, it expects counsel to observe the deadlines set by the court.").

[14] Fed. R. Civ. P. 15(a)(2).

[15] *Id.*

[16] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[17] *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993) (collecting cases).

upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial for undue delay.[18]

In his initial Complaint, Plaintiff alleged that he was retaliated against for claiming that removal of DEFS violated federal and state law. In his Motion, Plaintiff admits that he learned "that the Defendants had violated the CAA by removing DEFS" when Defendants filed their Answer.[19] Thus, by Plaintiff's own admission, he knew the facts underlying his proposed amendment by May 2025. Plaintiff's attorneys' unfamiliarity with the intricacies of the CAA does not excuse his untimely amendment.[20] But even accepting the need for counsel to familiarize themselves with environmental law and provide notice, Plaintiff could have asserted his new claim when he received the District's response disputing his claims, if not earlier. Instead, he waited an additional four months before bringing this Motion. As such, it is untimely.

---

[18] *See id*. at 1366; *see also Leatherwood v. Rios*, 705 F. App'x 735, 740–41 (10th Cir. 2017) (the district court did not abuse its discretion in denying plaintiff's motion to amend because plaintiff "named another DOC official in his initial and first amended complaints, demonstrating that he believed from the start that the DOC was a participant in the alleged conspiracy to deprive him of his constitutional rights"); *Woolsey v. Marion Lab'ys., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991) ("[T]he court specifically noted that no new evidence that was unavailable at the original filing had come to [the plaintiff's] attention."); *Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987) ("Courts have denied leave to amend in situations where the moving party cannot demonstrate excusable neglect. For example, courts have denied leave to amend where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend.").

[19] Docket No. 31, at 6.

[20] *Zisumbo v. Ogden Reg'l Med. Ctr.*, 801 F.3d 1185, 1196 (10th Cir. 2015) (concluding that the plaintiff's "lawyer's lack of knowledge" that the plaintiff could bring a particular claim did not justify amendment).

The most important "factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party."[21] "Courts typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment. Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues."[22]

Defendants argue that they will be prejudiced because Plaintiff's proposed amendment asserts claims that are far different from the current dispute, would likely require additional or different counsel, and would result in delay because of the need for that counsel to become familiar with the case. The Court agrees. As noted, this is primarily an employment dispute. Allowing Plaintiff's proposed amendment would complicate this case by inserting questions of whether the District violated the CAA and SIP by removing DEFS from its vehicles. The requested amendments are vastly different from Plaintiff's current claims.

Plaintiff contends that the question of "[w]hether the removal [of DEFS] violated the CAA and SIP is directly relevant to the good faith and reasonableness of Plaintiff's reports, to Defendants' knowledge that the practice was unlawful, and to Defendants' motive for terminating Plaintiff."[23] This is not necessarily the case. Plaintiff need only have a good faith belief to support his whistleblowing activity.[24] If Plaintiff had a subjective and objective belief that removal of DEFS violated federal and state law, that is sufficient.[25] He need not prove an

---

[21] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006).

[22] *Id.* at 1208 (internal quotation marks and citation omitted).

[23] Docket No. 31, at 7.

[24] Utah Code Ann. § 67-21-3.

[25] *Id.* § 67-21-2(6).

actual violation to succeed on his whistleblower claim.[26] Thus, while there is some overlap between Plaintiff's whistleblower claim and his proposed amendments, they are not so related as to support amendment.

## III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Leave to File Amended Complaint (Docket No. 31) is DENIED.

SO ORDERED this 14th day of October, 2026.

PAUL KOHLER
United States Magistrate Judge

[26] *Bronson v. Town of S. Kingstown ex rel. Saul*, 766 F. Supp. 3d 336, 345 (D.R.I. 2025) ("A plaintiff does not have to show that the conduct he challenges was in fact unlawful but 'he must demonstrate a good faith, reasonable belief that the underlying conduct violated the law.'") (quoting *Johnston v. Urb. League of R. I., Inc.*, No. CA 09-167S, 2011 WL 2297655, at *6 (D.R.I. May 17, 2011)) (analyzing similar Rhode Island law).